1539

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| UNITED STATES OF AMERICA | ) |
|---|---|
| | ) |
| v. | ) Criminal No. 16-110 |
| | ) UNDER SEAL |
| SAMIRKUMAR J. SHAH | ) |

### INDICTMENT MEMORANDUM

AND NOW, comes the United States of America, by its attorneys, David J. Hickton, United States Attorney for the Western District of Pennsylvania, and Nelson P. Cohen, Assistant United States Attorney for said District, and submits this Indictment Memorandum to the Court:

### I.   THE INDICTMENT

A Federal Grand Jury returned a two-count Indictment against the above-named defendant for alleged violations of federal law:

| COUNTS | OFFENSE/DATE | TITLE/SECTION |
|---|---|---|
| 1-2 | Health Care Fraud<br>From in and around January, 2008, thereafter to in and around December, 2014 | 18 U.S.C. § 1347 |

FILED

MAY 17 2016

CLERK U.S. DISTRICT COURT
WEST. DIST. OF PENNSYLVANIA

### II.   ELEMENTS OF THE OFFENSES

A.   As to Counts 1 and 2:

In order for the crime of Health Care Fraud, 18 U.S.C. § 1347, to be established, the government must prove all of the following essential elements beyond a reasonable doubt:

1.   That SAMIRKUMAR J. SHAH knowingly devised or

participated in a scheme to defraud Medicare, Medicaid, Blue Cross/Blue Shield, Security Blue, and UPMC in connection with the delivery of or payment for health care benefits, items, or services;

2. That SAMIRKUMAR J. SHAH acted with the intent to defraud; and

3. That Medicare, Medicaid, Blue Cross/Blue Shield, Security Blue, and UPMC was a private plan or contract, affecting commerce, under which medical benefits, items, or services were provided to any individual who was providing a medical benefit, item, or service for which payment may be made under a private plan or contract, affecting commerce, under which medical benefits, items, or services were provided to any individual.

Third Circuit Model Criminal jury Instruction 6.18.1347.

### III.  PENALTIES

A.  As to Counts 1 and 2: Health Care Fraud (18 U.S.C. § 1347):

Individuals - The maximum penalties for individuals are:

1. (a) A term of imprisonment of not more than ten (10) years;

(b) If the violation results in serious bodily injury as defined in Title 18, United States Code, Section 1365, a term of imprisonment of not more than twenty (20) years; and

(c) If the violation results in death, a term of imprisonment for any term of years or for life.

2.     A fine not more than the greater of $250,000 or an alternative fine in an amount not more than the greater of twice the gross pecuniary gain to any person or twice the pecuniary loss to any person other than the defendant, unless the imposition of this fine would unduly complicate or prolong the sentencing process; and,

3.     A term of supervised release of not more than three (3) years.

### IV.   MANDATORY SPECIAL ASSESSMENT

A mandatory special assessment of $100.00 must be imposed at each count for which the defendant is convicted, pursuant to 18 U.S.C. § 3013, as all offenses occurred after April 24, 1996.

### V.   RESTITUTION

Restitution must be ordered in this case as to Counts 1 and 2, together with any authorized penalty, as part of the defendant's sentence pursuant to 18 U.S.C. § 3663, 3663A and 3664.

### VI.   FORFEITURE

Not applicable in this case.

Respectfully submitted,

DAVID J. HICKTON
United States Attorney

NELSON P. COHEN
Assistant U.S. Attorney
PA ID No. 19705