IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| **UNITED STATES OF AMERICA** | ) | |
| | ) | |
| v. | ) | 2:16-110 |
| | ) | **Electronic Filing** |
| **SAMIRKUMAR J. SHAH** | ) | |

## MEMORANDUM ORDER

AND NOW, this 6th day of March, 2026, upon due consideration of defendant's motion for recusal and disqualification, the government's response thereto and defendant's reply, IT IS ORDERED that [309] the motion be, and the same hereby is, denied.

Each of the bases advanced by defendant is unavailing. "The test for recusal under § 455(a) is whether a reasonable person, with knowledge of all the facts, would conclude that the judge's impartiality might reasonably be questioned." In re Kensington Int'l Ltd., 368 F.3d 289, 301 (3d Cir. 2004). "An objective inquiry, this test is not concerned with the question whether a judge actually harbors bias against a party." United States v. Kennedy, 682 F.3d 244, 258 (3d Cir. 2012); see also United States v. Ciavarella, 716 F.3d 705, 719 (3d Cir. 2013) (applying the "reasonable observer" standard).

The United States Court of Appeals for the Third Circuit repeatedly has observed that "a party's displeasure with legal rulings does not form an adequate basis for recusal . . . ." Securacomm Consulting, Inc. v. Securacom Inc., 224 F.3d 273, 278 (3d Cir. 2000); see also Liteky v. United States, 510 U.S. 540, 555 (1994) ("judicial rulings alone almost never constitute a valid basis for a bias or partiality motion."). "[T]o be actionable, evidence of bias must normally stem from an 'extrajudicial source' rather than 'facts introduced or events occurring in the course of the current proceedings, or of prior proceedings.'" Wharton v. Superintendent Graterford SCI, 95 F.4th 113, 125–26 (3d Cir. 2024). And of course, the fact that a judicial officer's assessments and conclusions reflect adversely on a criminal defendant who has gone to

trial before the judicial officer has been convicted by a jury is too remote; and actions taken or not taken in implementing the consequences of the jury's verdict generally are insufficient grounds for recusal. Liteky, 510 U.S. at 555.

Similarly, relief pursuant to 28 U.S.C. § 144 requires an affidavit showing personal bias or prejudice against the movant. "An affidavit that puts forth conclusory statements and opinions, however, is insufficient and does not require recusal under § 144." United States v. Waller, 2014 WL 6612903, *1 (W.D. Pa. Nov. 20, 2014) (citing Hill v. Carpenter, 323 F. App'x 167, 170 (3d Cir. 2009) and United States v. Vespe, 868 F.2d 1328, 1340 (3d Cir. 1989)).

Here, defendant has raised nothing more than his long-running disagreements with the way the court presided over and resolved a number of the matters raised in the case. The record reflects the court's rulings on these matters and its reasoning in support thereof, and these matters have been exhaustively examined in the record before this court and on appeal. We need not rehash such matters merely because defendant remains disgruntled.

Moreover, the fact the court did not expeditiously resolve each and every post trial motion defendant has filed does not give rise to an inference of bias or prejudice. As noted by the government, the court did take action on the compassionate relief motion that had a foundation for providing affirmative relief to defendant; and it grant defendant relief pursuant to that motion, although not to the degree defendant would have preferred. And defendant's release from custody mooted any other such motions that defendant had filed. See United States v. Gottstein, No. 3:17-CR-188, 2022 WL 584505, at *1–2 (M.D. Pa. Feb. 25, 2022) (a defendant's release from BOP custody moots any pending compassionate release motion) (citing Burkey v. Marberry, 556 F.3d 142, 147 (3d Cir. 2009)); United States v. Hoffecker, Cr. No. 03-120 (KSH), 2021 WL 6135938, at *4 (D.N.J. Dec. 28, 2021)).

Finally, defendant's motion for recusal has erected a procedural roadblock to the court adjudicating his § 2255 motion. Only after the resolution of such can a court move forward on substantive matters pending in the case. See Wardlaw v. City of Philadelphia, Civ. Nos. 05-3387, 07-160, 2009 WL 2245069, at *1 (E.D. Pa. July 24, 2009) ("[T]he motion for recusal must be decided before the court acts on any other pending matter."); Bey v. Philadelphia Passport

Agency, No. 86-4906, 1986 WL 14733, at *1 (E.D. Pa. Dec. 24, 1986) ("The motion for recusal must be decided before the court acts on any other pending matter regarding this case.").

For these reasons, defendant's motion to recuse has been denied. The court will issue a briefing schedule on defendant's § 2255 motion and adjudicate the same without undue delay.

                                              s/David Stewart Cercone
                                              David Stewart Cercone
                                              Senior United States District Judge

cc:       Nicole A. Vasquez Schmitt, AUSA

          (*Via CM/ECF Electronic Mail*)

          Samirkumar J. Shah
          54 Long Meadow Drive
          Pittsburgh, PA 15238

          (*Via First Class Mail*)